UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

CATHY A. RUSSELL,

    Plaintiff (s),

v.

RER LLC,
and AILEEN RUESS
individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CATHY A. RUSSELL, by and through the undersigned counsel, and hereby sues Defendants RER LLC, and AILEEN RUESS, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff CATHY A. RUSSELL (hereinafter CATHY A. RUSSELL, or Plaintiff) is a resident of Okaloosa County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant RER LLC (hereinafter RER AGENCY, or Defendant) is a Florida corporation, having a place of business in Okaloosa County, Florida. Defendant RER AGENCY was and is engaged in interstate commerce.

4. The individual Defendant AILEEN RUESS was and is now the owner/partner of RER AGENCY. Defendant AILEEN RUESS was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and she is jointly liable for Plaintiff's damages.

5. All the actions raised in this complaint took place in Okaloosa County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants half-time overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2021, (the "material time") without being properly compensated.

7. Defendant RER AGENCY is a home care agency that provides home healthcare services to the elderly and infirm in their own private residences. Accordingly, Defendant RER AGENCY is a business "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA.

Therefore, Defendant is an enterprise subjected to FLSA coverage.

8. Defendants RER AGENCY and AILEEN RUESS employed Plaintiff CATHY A. RUSSELL as a non-exempted, full-time direct home health care aid, approximately from September 29, 2021, to November 13, 2021, or 6 weeks.

9. Plaintiff was paid a wage rate of $22.00 per hour.

10. Plaintiff was assigned to work as a caregiver or CNA for two elderly patients who resided in their own private residences.

11. Plaintiff's duties at the private residences consisted of assisting the elderly patients with daily living activities such as bathing, dressing, grooming, feeding, changing diapers, administering medicines, etc.

12. Plaintiff took care of the patients seven days per week from Monday to Sunday, from 8:00 AM to 8:00 PM (12 hours). Plaintiff completed 84 working hours every week. Plaintiff was unable to take bonafide lunch periods.

13. Plaintiff worked every week more than 40 hours, and she was paid for all her working hours. However, Plaintiff was not paid for overtime hours as required by law.

14. Plaintiff did not clock in and out, but she maintained a personal calendar and a log book located at the patients' houses. Thus, Defendants could keep track of the hours worked by Plaintiff, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C.

207(a)(1).

16. Plaintiff was paid with checks without paystubs or records showing basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

17. Plaintiff complained to her manager and owner of the business AILEEN RUESS. Plaintiff requested to be paid for overtime hours, but AILEEN RUESS did not pay attention to the problem.

18. Plaintiff complained about unpaid overtime wages, the last time on or about November 11, 2021.

19. As a result of Plaintiff's complaints about overtime payment, Defendants fired Plaintiff on or about November 13, 2021.

20. Plaintiff is not in possession of time and payment records. Nevertheless, Plaintiff is going to provide a good faith estimate of unpaid overtime.

21. Plaintiff CATHY A. RUSSELL seeks to recover unpaid half-time overtime wages accumulated during her entire period of employment with Defendants, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff CATHY A. RUSSELL re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

23. This cause of action is brought by Plaintiff CATHY A. RUSSELL as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor

Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant RER AGENCY was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a home health care agency that provides healthcare services to the elderly and infirm. This agency is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

25. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as caregivers engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

26. For the reasons stated above, Defendant RER AGENCY must comply with the minimum wage and overtime of the FLSA.

27. Defendants RER AGENCY and AILEEN RUESS employed Plaintiff CATHY A. RUSSELL as a non-exempted, full-time direct home health care aid, approximately from September 29, 2021, to November 13, 2021, or 6 weeks.

28. Plaintiff was paid a wage rate of $22.00 per hour.

29. Plaintiff took care of the patients seven days per week from Monday to Sunday, from 8:00 AM to 8:00 PM (12 hours). Plaintiff completed 84 working hours every

week.

30. Plaintiff was unable to take bonafide lunch periods.

31. Plaintiff worked every week more than 40 hours, and she was paid for all her working hours. However, Plaintiff was not paid for overtime hours as required by law.

32. Plaintiff did not clock in and out, but she maintained a personal calendar and a log book located at the patients' houses. Thus, Defendants could keep track of the hours worked by Plaintiff, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid with checks without paystubs or records showing basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

35. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, the Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

36. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, is as follows:

    * Please note that these amounts are based on a preliminary calculation. After proper discovery, Plaintiff will adjust her statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Three Thousand One Hundred Sixty-Eight Dollars and 00/100 ($3,168.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 6 weeks
       Relevant weeks of employment:  6 weeks
       Total number of hours:  84 hours weekly
       Total number of unpaid overtime hours:  44
       Wage rate: $22.00 an hour x 1.5= $33.00 O/T rate
       O/T rate $33.00-$22.00 rate paid=$11.00 half-time difference
       Half-time: $11.00

       Half-time $11.00 x 44 O/T hours=$528.00 weekly x 6 weeks=$3,168.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

39. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly-situated are entitled to recover double damages.

41. At times mentioned, individual Defendant AILEEN RUESS was the owner/partner and operated RER AGENCY. Defendant AILEEN RUESS was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of RER AGENCY concerning its employees, including Plaintiff and others similarly situated. Defendant AILEEN RUESS had absolute financial and operational control of the RER AGENCY, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for the Plaintiff's damages.

42. Defendants RER AGENCY and AILEEN RUESS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CATHY A. RUSSELL and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CATHY A. RUSSELL and other similarly situated individuals and against the Defendants RER AGENCY and AILEEN RUESS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CATHY A. RUSSELL actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CATHY A. RUSSELL demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

44. Plaintiff CATHY A. RUSSELL re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

45. Defendant RER AGENCY was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a home health care

agency that provides healthcare services to the elderly and infirm. This agency is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

46. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as a caregiver engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

47. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants RER AGENCY and AILEEN RUESS employed Plaintiff CATHY A. RUSSELL as a non-exempted, full-time direct home health care aid, approximately from September 29, 2021, to November 13, 2021, or 6 weeks.

51. Plaintiff was paid a wage rate of $22.00 per hour.

52. Plaintiff was assigned to work as a caregiver or CNA for two elderly patients who

resided in their own private residences.

53. Plaintiff's duties at the private residences consisted of assisting the elderly patients with daily living activities such as bathing, dressing, grooming, feeding, changing diapers, administering medicines, etc.

54. During her employment with Defendants, Plaintiff worked seven days per week from Monday to Sunday, from 8:00 AM to 8:00 PM (12 hours), or 84 working hours every week. Plaintiff was unable to take bonafide lunch periods.

55. Plaintiff worked every week more than 40 hours, and she was paid for all her working hours. However, Plaintiff was not paid for overtime hours as required by law.

56. Plaintiff did not clock in and out, but she maintained a personal calendar and a log book located at the patients' houses. Thus, Defendants could keep track of the hours worked by Plaintiff, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

57. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

58. Plaintiff was paid with checks without paystubs or records showing basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

59. Plaintiff disagreed with the lack of payment for overtime hours, and she complained to her manager and owner of the business AILEEN RUESS. Plaintiff requested to be paid for overtime hours. However, AILEEN RUESS ignored Plaintiff's request.

60. Plaintiff complained about unpaid overtime wages, the last time on or about November 13, 2021. Plaintiff requested AILEEN RUESS to be paid for overtime hours one more time.

61. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

62. However, as a direct result of Plaintiff's complaints, Defendant AILEEN RUESS terminated Plaintiff's employment with Defendants on or about November 13, 2022.

63. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

64. The termination of Plaintiff CATHY A. RUSSELL by the Defendants was directly and proximately caused by the Defendants' unjustified retaliation against Plaintiff because she complained about missing payment for overtime hours, in violation of Federal Law.

65. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff participated in protected activity.

66. At times mentioned, individual Defendant AILEEN RUESS was the owner/partner and operated RER AGENCY. Defendant AILEEN RUESS was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant

acted directly in the interests of RER AGENCY concerning its employees, including Plaintiff and others similarly situated. Defendant AILEEN RUESS had absolute financial and operational control of the RER AGENCY, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for the Plaintiff's damages.

67. Defendants RER AGENCY and AILEEN RUESS willfully and maliciously retaliated against Plaintiff CATHY A. RUSSELL by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

68. As described above, the motivating factor that caused Plaintiff CATHY A. RUSSELL to be fired from the business was her complaint seeking half-time overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaints about overtime wages.

69. The Defendants' adverse actions against Plaintiff CATHY A. RUSSELL were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

70. Plaintiff CATHY A. RUSSELL has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CATHY A. RUSSELL respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff CATHY A. RUSSELL by

Defendants RER AGENCY and AILEEN RUESS was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants RER AGENCY and AILEEN RUESS awarding Plaintiff CATHY A. RUSSELL liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff CATHY A. RUSSELL demands trial by a jury of all issues triable as of right by a jury.

Dated: March 7, 2022

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*